UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL ROBICHAUX and MARY ROBICHAUX                    PLAINTIFFS

V.                                         CIVIL ACTION NO.1:06CV1165 LTS-RHW

NATIONWIDE MUTUAL INSURANCE COMPANY
and JAY FLETCHER INSURANCE                                DEFENDANTS

### MEMORANDUM OPINION

The Court has before it the motion [5] of Plaintiffs Michael and Mary Robichaux (Robichaux) to remand. For the reasons set out below, this motion will be granted.

This is an action to recover benefits under a homeowners insurance policy (policy number 63 23 MP 587646) issued by Nationwide Mutual Insurance Company (Nationwide) and sold through a local insurance agency, Jay Fletcher Insurance (Fletcher). The plaintiffs were also insured under a flood insurance policy issued by Nationwide under the National Flood Insurance Program. The insured property was a residence and its contents situated at 1907 Washington Avenue, Pascagoula, Mississippi.

Plaintiffs have collected the limits of their flood insurance coverage, and there is no current controversy concerning the flood insurance policy. Nationwide declined the plaintiffs' claim under its homeowners policy on the grounds that the damage to the insured property was attributable to flooding, an excluded peril under the terms of the homeowners policy. This action ensued.

The complaint was filed in the Circuit Court of Jackson County, Mississippi. Plaintiffs sued both Nationwide and Fletcher. The complaint alleges that Fletcher is a Mississippi corporation with its principal place of business in Pascagoula, Mississippi. Nationwide removed this action on grounds of diversity of citizenship, alleging that Fletcher was misjoined or fraudulently joined in order to defeat Nationwide's right to have this case tried in a federal forum. Removal was also premised, in the alternative, on federal question jurisdiction under the National Flood Insurance Program.

In supporting the motion to remand, the plaintiffs have submitted the affidavit of Plaintiff Michael Robicheaux. In responding to the motion to remand, Nationwide has also submitted evidence outside the pleadings. In this situation, I have discretion to review the additional materials and decide the merits of the motion to remand in a summary fashion, applying the standard of Rule 56, F.R.Civ.P. If I determine that there is no genuine issue of material fact and that the non-diverse defendant (Fletcher) is entitled to judgment as a matter of law, his dismissal would be proper. If I determine that there is a legitimate claim against the non-diverse defendant, under the very liberal

standards that govern the issue of fraudulent joinder, the Court would not have subject matter jurisdiction of this action under 28 U.S.C. §1332.  If the plaintiffs prevail on the issue of diversity, I must then consider the issue of federal question jurisdiction.  Because both parties have submitted evidence outside the pleadings, I will treat the removal on grounds of diversity of citizenship in this summary judgment fashion.

The state court complaint alleges the following material facts:

Prior to Hurricane Katrina, the plaintiffs consulted with Fletcher representatives concerning their insurance coverage.  Plaintiffs allege that these local representatives made representations concerning the scope of coverage under the homeowners policy that led the plaintiffs to believe that all of their losses (both wind damage and flood damage) that occurred during a hurricane would be covered under that policy. (Complaint Paragraphs 12 through 14 and Paragraph 55)

Plaintiffs allege that they reasonably relied upon the representations made by the Fletcher representatives in deciding to purchase the homeowners policy. (Complaint Paragraph 15, 56, and 57)  Plaintiffs seek damages as indemnity from Fletcher for Fletcher's representatives' misrepresentation of the coverage afforded by the Nationwide homeowners policy. (Complaint Count Five: Indemnity Against Defendant Fletcher Insurance Paragraphs 54 through 60)  I interpret this as a claim based on the theory that the Fletcher representatives made actionable misrepresentations that the plaintiffs reasonably relied upon to their financial detriment.

Plaintiffs also allege a cause of action against Fletcher based on Fletcher's failure to procure "full and comprehensive coverage for any and all property damage that could be caused by a hurricane, including damage proximately caused by hurricane wind and 'storm surge' damage . . . ." (Complaint Paragraph 97 through 99)  The plaintiffs also allege that "Moreover, Fletcher Insurance represented to the Plaintiffs that they did not need to increase the coverage provided under their flood policy when it knew or should have known that such coverage was necessary." (Complaint Paragraph 100) The plaintiffs charge that these actions were fraudulent. (Complaint Count Ten: Fraud Against Defendant Fletcher Insurance Paragraphs 96 through 21)  I interpret this as a claim of deliberate misconduct that would at least arguably support a claim of negligence against Fletcher if the evidence established negligent rather than malicious misrepresentations on the part of Fletcher's representatives.

The principal allegation of paragraph 100, i.e. the allegation that Fletcher's representatives advised the plaintiffs not to increase the limits of their flood insurance coverage, is not reiterated in the affidavit of Michael Robichaux. (Exhibit A to the plaintiffs' Memorandum in Support of Motion To Remand)  Plaintiffs' counsel argues that "At the urging of Fletcher Insurance, Plaintiffs, rather than increasing the amount of coverage under their flood policy, purchased a Hurricane Endorsement." (Memorandum in Support of Motion To Remand, Page 4)  This argument is indirectly supported by the affidavit of Michael Robichaux, which indicates that the plaintiffs purchased the Hurricane Deductible Endorsement because Jay Fletcher "assured me that the

Hurricane Coverage and Deductible Provision Endorsement or "Hurricane Endorsement," along with my homeowners policy, would provide full and comprehensive coverage for losses related to hurricanes." (Exhibit A to the plaintiffs' Memorandum in Support of Motion To Remand, Paragraph (c)) The plaintiffs' responses to remand-related interrogatories indicate that the plaintiffs did increase their flood insurance coverage by a modest amount (a 10% increase in the coverage for buildings and a 5% increase in the coverage for contents) in 2004.

Plaintiffs' responses to the defendants' remand-related interrogatories indicate that at the time of Hurricane Katrina they were insured under a flood policy sold by Nationwide with coverage limits of $136,500 (building) and $70,400 (contents). Nationwide paid and plaintiffs accepted the limits of this flood coverage.

These responses also state that the limits of this flood insurance coverage were increased in September 2004 from $124,100 to $136,500 (building) and from $67,000 to $70,400 (contents).  The fact that the plaintiffs increased their flood coverage at the time they purchased this flood policy, if an inference favorable to the plaintiffs is drawn, would lend at least some support to the argument that the plaintiffs would have purchased even higher flood coverage limits had they been disabused of their belief that the Hurricane Coverage and Deductible Provision Endorsement would cover all damages that occurred during a named storm.

### Legal Theory Supporting Removal -- Fraudulent Joinder

Nationwide's citizenship is diverse from the plaintiffs; Fletcher's citizenship is not. The plaintiffs and Fletcher are Mississippi resident citizens.  If Fletcher is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship.

Removal is premised on Nationwide's assertion that plaintiffs have fraudulently joined Fletcher as a defendant.  Nationwide bears the burden of proof on this issue.  *B., Inc., v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981).  Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).  Under the standards applicable to a motion for summary judgment under Rule 56, F.R.Civ.P., Nationwide would have the burden of proving there is no genuine issue of material fact and that Fletcher is entitled to judgment as a matter of law.  Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant, Fletcher.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed, unless there are other grounds for this Court to assert subject matter jurisdiction of this controversy.

**Standard of Care Applicable to Insurance Agents**

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care (and to refrain from any deliberate misrepresentations). *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

An insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care (or if the advice is deliberately misleading). The inquiry as to whether any particular statement is the product of negligence or of an intention to deceive is a fact-intensive inquiry, and any determination whether actionable negligence or outright deceit has occurred must be made on a fully-developed record.

**Negligent and Deliberate Misrepresentation Under Mississippi Law**

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). A deliberate misrepresentation would require proof that the misrepresentation was intended to deceive.

The question whether an individual may reasonably rely on an agent's representation when that representation is inconsistent with the terms of the written policy is also a factual inquiry, and the answer may differ, depending on the circumstances in which the representation is made and the relationship between the parties.

Of course, the truth of the plaintiffs' allegations, whether and in what circumstances Fletcher's representatives made the statements plaintiffs have alleged,

the question of whether the plaintiffs reasonably relied, to their financial detriment, upon the statements they attribute to the Fletcher representatives, and the question whether the representations, if made, were made negligently or were deliberately deceitful, are questions for the finder of fact to decide after consideration of the evidence supporting the plaintiffs' claims and consideration of the evidence offered by the defense. At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, and under the standards of Rule 56, F.R.Civ.P., Nationwide has failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Fletcher and that Fletcher is entitled to judgment as a matter of law. In my view, the plaintiffs' allegations are sufficient to state a cause of action against Fletcher under the standards I am obliged to apply at this juncture. Nationwide has not established that Fletcher is entitled to judgment as a matter of law.

### Legal Theory Supporting Removal -- Federal Question

Nationwide has raised an alternative theory to support removal, the assertion that this action has sufficient implications for the interpretation and administration of the National Flood Insurance Act to give this Court subject matter jurisdiction under 28 U.S.C. §3131. If the facts established by the pleadings and other supporting documents establish the merits of this assertion, this Court would have exclusive jurisdiction of this action.

Nationwide has paid and the plaintiffs have accepted the limits of coverage under the plaintiffs' flood policy. Plaintiffs have not asserted a right to additional benefits under this flood policy.

Plaintiffs have alleged that Fletcher's representatives negligently failed to counsel them on their need for additional flood coverage and that these individuals did not adequately explain the effect of the Hurricane Coverage and Deductible Provision Endorsement, leaving the plaintiffs with the understanding that this endorsement provided additional coverage that would apply to any and all damages during a named storm. Nationwide contends that the plaintiffs' claims necessarily require an interpretation of the terms of the federal regulations that govern the flood insurance policy and that this is a domain of exclusive federal jurisdiction under 42 U.S.C. §4072.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies, which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428

F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge); *Deutch v. Naugher*, 2006 WL 3422357 (E.D.La.); *Spurlock v. Travelers Indemnity Company of Connecticut*, 2007 WL 29180 (E.D.La.).

Plaintiffs have not attempted to state a cause of action for additional insurance benefits under the flood policy that was in effect at the time of the storm.  Nor have the plaintiffs alleged any misconduct based on improper administration of that policy or the adjustment of their claim under that policy.  Plaintiffs' claims against Fletcher and against Nationwide are based on state law only, and the claim against Fletcher is essentially a claim for misrepresentations and for misstatements related to the procurement of additional flood coverage.

Accordingly, I will grant the plaintiffs' motion to remand.  An appropriate order will be entered.

**DECIDED** this 21st day of May, 2007.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE