UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL ROBICHAUX AND MARY ROBICHAUX                          PLAINTIFFS

V.                                              CIVIL ACTION NO.1:06CV1165 LTS-RHW

NATIONWIDE MUTUAL INSURANCE COMPANY
and JAY FLETCHER INSURANCE                                    DEFENDANTS

## MEMORANDUM OPINION

The Court has before it the motion [19] of Defendants Jay Fletcher Insurance (Fletcher) and Nationwide Mutual Insurance Company (Nationwide) for reconsideration of the opinion [17] and order [18] of remand entered on May 24, 2007.  For the reasons set out below, this motion will be denied.

Fletcher and Nationwide contend that this Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 based on the existence of a substantial question of federal law, i.e. the legal effect of an insured's claim for benefits under a Standard Flood Insurance Policy (SFIP) on the insured's right to claim benefits under a homeowners policy that covers the same property for wind damage.

At the time of Hurricane Katrina the plaintiffs were insured under both a SFIP and a Nationwide homeowners policy.  Both policies covered the plaintiffs' residential property and its contents.  After the storm, the plaintiffs made claims under both policies asserting covered storm damage.  The homeowners policy had a valid flood exclusion, and the SFIP covered only flood damages.  The policy limits of the SFIP were paid and accepted by the plaintiffs.  Coverage under the homeowners policy is still in dispute.  Plaintiffs, according to Nationwide, should be estopped from seeking any collection under their homeowners policy on the grounds that the plaintiffs' claim under their SFIP included all of the plaintiffs' losses.

Nationwide has not submitted any documentation to support its contention that the plaintiffs originally claimed that all of their storm losses were caused by flooding, but I will assume for the purpose of reaching the merits of this motion that this is the case.  I do not find a sworn proof of loss in the record before me.  The regulations governing the SFIP do not require that a claimant who has separate wind coverage under a private policy segregate his losses between property damage caused by wind and property damage caused by flooding.  The regulations require that the plaintiff submit a proof of loss stating, under oath, what property damage the insured believes to have been sustained as a result of flood damage covered under the SFIP.  If the facts support the insured's claim, SFIP benefits are payable, up to the limits of coverage or the actual flood damage sustained, whichever is less.

Nationwide is contending that, as a matter of federal law, an insured who submits a claim under a SFIP that does not segregate wind damage from flood damage or who submits a claim under a SFIP that includes claims for property damage that are doubtful or uncertain in origin does so at the peril of losing the wind damage benefits that would otherwise be payable under his homeowners policy.

Nationwide does not cite any statute, federal regulation, or any decision of any court that validates the position it is taking.  In essence, Nationwide is arguing that the burden is on the insured to properly segregate his losses at the time he makes a claim for SFIP benefits, and that if the insured errs and claims any damages under the SFIP that actually prove to be wind damages, the insured is estopped to make a subsequent claim for these wind damages under his homeowners policy.  If this rule were established and followed, the wind insurer, the insurer who sold the homeowners policy, would then have no obligation to pay benefits for wind damages that would otherwise be covered.

I find two flaws in Nationwide's theory.  First, this is not a matter of federal law; it is a matter of state law.  This is true because the limits of coverage under the plaintiffs' SFIP have been paid and accepted.  There is no existing dispute concerning flood insurance benefits, and the United States cannot be liable for additional flood insurance benefits under the plaintiffs' SFIP as a matter of law.  Thus, there is no substantial federal question to support the Court's assumption of subject matter jurisdiction under 28 U.S.C. §1331.  The remaining issues, the benefits due under the plaintiffs' Nationwide homeowners policy, and the question whether Fletcher is liable for negligence or intentional misconduct, are issues of Mississippi, not federal, law.  Second, I have found no authority to support Nationwide's contention that by making a claim for a total loss under one of two potentially applicable insurance policies (in this case a SFIP) an insured thereby forfeits his right to make a separate claim under a different policy for damage to the insured property that is not covered by his first policy (in this case the SFIP).

In the wake of an insured's catastrophic loss of his dwelling and possessions in an event such as a hurricane, an event that poses two different risks (flood damage and wind damage), it is not unreasonable for the insured to seek to collect all his available insurance coverages, and it is not unreasonable or otherwise improper, when he does not know and cannot readily ascertain the actual cause of his losses, for the insured to assert that all of his losses may be payable under either policy.  Faced with uncertainty, the insured may turn to any of his coverages for indemnity.  In this situation it would be unrealistic and unfair to impose a burden on the insured to segregate his damages between wind and water losses at the peril of losing his insurance coverage if he errs in this endeavor.  It is far more reasonable in these circumstances to allow the insured to make a claim for all his losses under both flood coverage and wind coverage if the damages cannot be readily segregated or if the source of the damage is uncertain.  The question whether the insured's damages are recoverable, and, if so, under which policy, must ultimately be resolved through either negotiation or litigation.

Payment and receipt of flood insurance benefits (or homeowners insurance benefits) is a different matter. Once an insurance payment is made and accepted, this act establishes, as an admission by both the insurer and the insured, that the insured's losses were caused by an event covered by the policy under which the payment is made, at least to the extent of the amount paid and accepted. A payment under an insurance policy, whether it is a flood policy or a homeowners policy, offsets, dollar for dollar, the total losses the insured has experienced. The insured's total loss constitutes an upper limit on his recovery from all his insurance policies, and this upper limit is reduced, dollar for dollar, by the payment and acceptance of insurance benefits. This prevents any double recovery, i.e. any recovery of two insurance payments for a single loss.

But the payment and acceptance of insurance benefits does no more than that, and the assertion of a right to recovery, in the face of legitimate doubt or uncertainty as to the risk that caused the loss, does not estop an insured from claiming and collecting other insurance benefits that prove to be covered by a separate policy. To the extent the insured has losses that exceed the amount he collects under one insurance policy, he may legitimately claim those uncompensated losses under any other available insurance policy, and the second insurer's liability for those damages will be governed by the terms of that second policy. It may be that under the terms of the second policy the insurer, not the insured, has the burden of proving that any particular loss was caused by a risk that is excluded from coverage and not by a risk included in the second policy's coverage. Accepting the position asserted by Nationwide would inevitably shift that burden to the insured and would require the insured to meet that burden when the deadline for submitting a proof of loss (normally 60 days under an SFIP) may not permit the detailed investigation and analysis necessary to make a final determination of causation. Again, I find no authority to support Nationwide's argument that by making a claim for damages under one policy an insured forfeits his rights under another policy if his original claim proves to be erroneous or over inclusive. In my opinion this would lead to an unjust result.

Insureds are entitled to recover their storm losses under all available insurance policies in accordance with the terms of those policies and the evidence showing the cause of the losses. In the context of catastrophic hurricane losses, the cause of the insured's property damage is more often than not uncertain and more often than not disputed. It would be unreasonable and unjust to require an insured to correctly segregate his damages between flood losses and wind losses at the time he makes his initial claims at the peril of losing the insurance benefits he has paid for if his attempt at segregating these damages later proves to be incorrect. See: *Palmer v. State Farm Fire and Cas. Co.*, 2007 WL 1459391 (S.D.Miss.2007).

In *Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507 (E.D.La.2007) Judge Berrigan faced a similar factual situation to this. The plaintiffs were insured under both a SFIP and a homeowners policy. Plaintiffs apparently claimed their hurricane losses were payable under both policies. On the basis of a telephone conversation, the SFIP benefits were paid, and State Farm argued that the plaintiffs should be estopped from

claiming additional benefits under their homeowners policy.  The Court disagreed, holding that the plaintiffs had a right to recover the wind damages covered by the homeowners policy.  The Court determined that estoppel did not apply on the facts then before it.

This Court does not have subject matter jurisdiction of this action because there is no complete diversity of citizenship.  The rule of law established by *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) does not apply in these circumstances.  There is no substantial question of federal law that would confer subject matter jurisdiction under 28 U.S.C. §1331.  The motion for reconsideration will be denied.  An appropriate order will be entered.

**SO ORDERED** this 21st day of September, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE